**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | RICHARD F. WELSH | : | Chapter 13 |
| | THERESA A. WELSH | : | |
| | Debtor(s) | : | Bky. No. 06-10831ELF |
| | | : | |

**M E M O R A N D U M**

**BY:  ERIC L. FRANK,  U.S.  BANKRUPTCY JUDGE**

**I.**

Richard F. Welsh and Theresa A. Welsh ("the Debtors") filed a chapter 13 bankruptcy case in this court on March 4, 2006.  They have objected to a secured proof of claim filed by Citifinancial Mortgage Co., Inc. ("Citifinancial").  The proof of claim sets forth a claim for the entire indebtedness asserted by Citifinancial ("the Entire Claim").  It also sets forth a claim for the prepetition arrearage on the Entire Claim ("the Arrearage").  The Debtors request the Citifinancial proof of claim be disallowed.

As explained below, I will sustain, in part, the Debtors' objection to Citifinancial's proof of claim.  The outcome is that the Entire Claim will be reduced from $17,303.82 to $11,137.60 and the Arrearage will be reduced to $0.00.

**II.**

The Debtors own the real estate located at 5203 Castor Avenue, Philadelphia, PA 19124.  Their chapter 13 plan provides for payments totaling $25,143.00 to be paid through 60 monthly instalments.  The plan provides for the bulk of the chapter 13 fund to be distributed to U.S. Bank

-1-

National Association ("USBNA") to cure a prepetition mortgage delinquency on the Debtor's real estate and to the City of Philadelphia on account of a secured tax claim.

On March 9, 2006, Citifinancial filed a secured proof of claim. In the proof of claim, the amount set forth is "$11,610.24 (P.B. + arrears)," what I have called "the Entire Claim."[1] Also, Citifinancial's proof of claim states that the amount of the prepetition arrearages on its claim is $5,693.58, what I have called "the Arrearage."

On September 12, 2006, the Debtor filed an objection to Citifinancial's proof of claim ("the Objection").[2] Pursuant to L.B.R. 3007-1(b) and 5070-1(a), the Objection was scheduled for a hearing on October 24, 2006. The Debtor's counsel served the Objection on both Citifinancial's counsel and Citifinancial itself. (Docket Entry No. 39).

The Debtor appeared at the hearing on October 24, 2006 through his counsel. No one appeared on behalf of Citifinancial. Without objection, the Debtor moved into evidence Exhibit D-1.

Exhibit D-1 has two relevant components. It includes an IRS form 1099-C for year 2005

---

[1] I infer that the proof of claim means that Citifinancial asserts that the "principal balance" of its claim is $11,610.24 and that "arrears" must be added to the claim in order to calculate the entire amount of the claim. If my inference regarding the meaning of the abbreviation "(P.B. + arrears)" in Citifinancial's proof of claim is correct, the claim is likely inflated. In most loan transactions, each repayment includes some component that should be applied to reduction of principal. Thus, simply adding the arrears to the principal balance would "double count" at least some portion of the unpaid principal balance. However, the Debtors have not objected to the proof of claim on this basis.

[2] The Debtors' bankruptcy schedules do not list Citifinancial as a secured creditor and their chapter 13 plan is not adequately funded to provide for payment of the secured claims of USBNA, the City of Philadelphia and Citifinancial. The objection to the proof of claim was probably motivated by the Debtors' desire to address the inadequate funding of the plan in relation to the filed secured claims so that they can achieve confirmation of their chapter 13 plan..

("the Form 1099-C").  The Form 1099-C sets forth the following information:

- it identifies Richard F. Welsh and Theresa Welsh as "Debtors."

- it lists $6,166.66 as "the amount of debt canceled"

- it sets forth December 31, 2005 as the "Date canceled"

- it identifies 5203 Castor Avenue, Philadelphia, PA as the "Debt description."

Exhibit D-1 also contains the first two pages of IRS form 1040 income tax return for the year 2005, bearing a signature on the second page "/s/ Richard F. Welsh."[3]  Line 21 of the form 1040 is consistent with the Form 1099-C and lists $6,166.66 as "Other income."

### III.

Based on the evidence submitted at the hearing, the Debtors assert that Citifinancial's proof of claim should be disallowed.  The Debtors argue that the evidence demonstrates that Citifinancial has discharged or canceled their indebtedness by issuing the Form 1099-C which, in turn, caused them to incur a tax liability for the discharge of indebtedness.  See 26 U.S.C.§ 61(a)(12).  The Debtors' theory is that having discharged the indebtedness, Citifinancial may not seek to collect the debt by filing a proof of claim in this bankruptcy proceeding.

There is legal authority that supports the Debtors' position.

In dictum in  In re Crosby, 261 B.R. 470, 474 (Bankr. D. Kan. 2001), the court stated:

---

[3] The signature line for Theresa Welsh is blank.

> The actual (or at least potential) tax consequences of the form make it inequitable to allow the [creditor] to enforce its claims against the debtors. Until the [creditor] corrects or withdraws the 1099-C it mistakenly filed about each debtor, it cannot enforce its claim against that debtor, just as it would have no right to do so if it had assigned the debt and not undone the assignment.[4]

In <u>Franklin Management Corp. v. Nicholas</u>, 2001 WL 893894 (Conn. Super. July 12, 2001), the court dismissed an action in mortgage foreclosure in which the defendant proved that he had received a Form 1099-C in connection with the mortgage indebtedness. The court reasoned that

> [i]t would be inequitable . . .to require that [the debtor-defendant] report the discharge of debt as income on his federal tax return or face the potential tax consequences and hold that the plaintiff may continue to hold him liable on the debt.

<u>Id.</u> at , *4. <u>Cf.</u> <u>In re Diaconx</u>, 69 B.R. 333, 340 -341 (Bankr. E.D. Pa. 1987) (without evidence that the debt had been modified, amended or waived by the creditor, court not convinced that parties' security agreement was unenforceable based on the debtor's mere allegation that creditor had "written off" the loan).

### IV.

The burden of proof in contested matters involving an objection to a proof of claim is well established. Initially, a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 501. If an objection is filed to a proof of claim, the burden of proof shifts between

---

[4] The <u>Crosby</u> decision contains a discussion of the provisions of the Internal Revenue Code and the Regulations thereunder pertaining to the obligations of a creditor which cancels an obligor's indebtedness and the potential tax consequences for the obligor. I will not repeat that discussion herein.

the parties. United States v. Baskin and Sears, P.C._, 207 B.R. 84, 86 (E.D. Pa. 1997). The Court of Appeals has concisely summarized the shifting burdens as follows:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

In re Allegheny International, Inc._, 954 F.2d 167, 173-74 (3d Cir.1992) (citations omitted). See also In re Gimelson_, 2004 WL 2713059, at *13 (E.D. Pa. 2004); In re Galloway_, 220 B.R. 236, 244 (Bankr. E.D.Pa. 1998).

In this case, I find that the Debtors have met their burden of rebutting the prima facie validity of Citifinancial's proof of claim. They have produced evidence which suggests that (for whatever reason) on December 31, 2005, Citifinancial canceled the Debtors' liability on the subject indebtedness to the extent of $6,166.66. Based on this evidence, the burden reverted to Citifinancial to prove the validity of its claim by a preponderance of the evidence. Citifinancial did not appear at the hearing to present any evidence and therefore, has not met its burden.

Based on the objection, I will disallow, in part, Citifinancial's entire claim and its claim for prepetition arrearages. Both components of the claim will be reduced by the amount of the canceled indebtedness as set forth in Exhibit D-1: $6,166.66. Therefore, the Entire Claim will be allowed in the amount of $11,137.60.[5] Since the reduction for the canceled indebtedness

---

[5] My calculation is as follows:

($6,166.66) exceeds the Arrearage claimed by Citifinancial ($5,693.58), the Arrearage will disallowed in full.

    An Order consistent with this Memorandum Opinion will be entered.

Date:  **October 27, 2006**  
                              **ERIC L. FRANK**  
                              **U.S. BANKRUPTCY JUDGE**

---

| | |
|---|---|
| $11,610.24 | principal balance |
| + 5,693.58 | arrears to be added per proof of claim |
| $17,303.82 | Entire Claim asserted by Citifinancial |
| - (6,166.66) | amount of canceled debt per Form 1099-C |
| $11,137.60 | Allowed Entire Claim |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | RICHARD F. WELSH | : | Chapter 13 |
| | THERESA A. WELSH | : | |
| | Debtor(s) | : | Bky. No. 06-10831ELF |
| | | : | |

# O R D E R

AND NOW, upon consideration of the Debtors' objection to the proof of claim of Citifinancial Mortgage Co., Inc. (Claim No. 1) after a hearing and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The objection is **SUSTAINED IN PART**.

2. Claim No. 1 is **ALLOWED** as a secured claim in the amount of $11,137.60.

3. The amount claimed in Claim No. 1 for prepetition arrearages is **DISALLOWED** entirely.

Date:   October 27, 2006                          _____
                                                  **ERIC L. FRANK**
                                                  **U.S. BANKRUPTCY JUDGE**